**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40996
(Summary Calendar)

_____

WILLIAM P. MAHER,

Plaintiff-Appellant,

versus

CORPUS CHRISTI STATE SCHOOL,

Defendant-Appellee.

_____

Appeal from United States District Court
for the Southern District of Texas
(C-95-CV-405)

_____

August 29, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Maher brought suit against his former employer, the Corpus Christi State School ("the School") for age discrimination. The district court granted summary judgment to the School, and Maher appeals. Finding that there was no issue of material fact and that the School is entitled to a judgment as a matter of law, we AFFIRM.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**FACTS**

Maher worked for the School from 1988 until June 15, 1992. He claims that he left work and took disability on June 15, 1992 due to severe depression, and that this depression was caused by his supervisor's calling him "Old Timer" and repeatedly telling him that his work would be better done by someone younger. He took short-term disability, but those payments ended in December of 1993. In his complaint to the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), Maher states that he was discharged in December 1992 and that this, rather than June 15th, was the last date of the alleged discrimination. He further claimed at the initial pretrial conference that he had been completely incapacitated by depression until March or April 1994, leaving his home only to go to his psychiatrist, and driving only occasionally. On May 28, 1994, Maher filed his age discrimination complaint with the EEOC, and on May 19, the EEOC issued him a letter stating: "If Charging Party filed his charge within 180 days of the alleged discrimination (300 days in states with a state age discrimination law), the Charging Party may file a lawsuit within 90 days of the date he receives this latter [sic]." Maher filed suit in federal district court on August 11, 1995. The district court granted the School's motion for summary judgment because Maher had not filed his claim with the EEOC within 300 days of the alleged discrimination, and because Maher had not shown any reason why the statute of limitations should be tolled. Maher appeals.

2

**DISCUSSION**

*Standard of Review*

We review summary judgments in employment discrimination cases *de novo,* applying the same standard as the district court. *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 588 (5th Cir. 1995). First, we ascertain the material factual issues by consulting the applicable law; we then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* (citations omitted). Summary judgment is appropriate if there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Thus, under Rule 56(c), the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and of identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Burfield*, 51 F.3d at 588 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Id.* A mere scintilla or evidence will not defeat a motion for summary judgment; there must be sufficient evidence upon which "a reasonable jury could return a verdict for the nonmoving party." *Spiller v. Ella Smithers Geriatric Center*, 919 F.2d 339, 343 (5th Cir. 1990)( quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

*Age Discrimination under the A.D.E.A.*

The Age Discrimination in Employment Act (" the ADEA") mandates that an aggrieved party present a claim to the EEOC within 180 days of the purported violation, 29 U.S.C.

§626(d)(1), or within 300 days if the plaintiff first filed with a state agency, 29 U.S.C. §626(d)(2). As Maher filed his claim with both the EEOC and the Texas Commission on Human Rights, the longer 300-day period is applicable. Rather than being a jurisdictional requirement, the timely filing of a charge is akin to a statute of limitations which plaintiff must satisfy as a condition precedent to filing suit. *Pruet Production Co. v. Ayles*, 784 F.2d 1275, 1279 (5th Cir. 1986)(citations omitted). Maher's charge was not filed until May 28, 1994, more than 300 days after either June 15, 1992 or December 9, 1992. Thus, on its face, the claim is untimely.

Finding that Maher's claim was late does not end the inquiry because the 300-day filing limit for ADEA charges is subject to equitable tolling. *Spiller*, 919 F.2d at 343. This court has recognized three bases for tolling the ADEA statute of limitations: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of his or her rights. *Blumberg v. HCA Management Co.*, 848 F.2d 642, 644 (5th Cir. 1988), *cert. denied,* 488 U.S. 1007, 109 S. Ct. 789, 102 L. Ed. 2d 781 (1989), (citing *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979)). While *Chappell* does not hold that these three are the only bases for tolling, even if other circumstances may toll the running of the period, the circumstances of this case do not.

Maher's sole argument for tolling the limitations period is that he became disabled due to depression on the day he left work in June 1992, and that this disability continued until March or April 1994. He cites *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987) for the proposition that a sufficiently disabling condition would toll limitations in a civil rights case, and alleges that in

4

that case the trial court held a four hour evidentiary hearing, and concluded based on complete evidence that the plaintiff had not been able to manage his affairs or comprehend his legal rights.

Maher has misread the case. Helton argued that under Texas law, when a person is of unsound mind at the time his cause of action accrues, the applicable statute of limitations will be tolled until the disability is removed. *Helton*, 832 F.2d at 336, citing Tex. Civ. Prac. & Remedies Code Ann. § 16.001(Vernon 1986). This court found that while the statute might have been applicable, the statute of limitations was not tolled. *Helton*, 832 F.2d at 336. The facts alleged by Helton did not show that his psychological depression rendered him unable to manage his affairs or comprehend his legal rights, only that it distracted him from pursuing his cause of action, and thus Helton had not brought forth sufficient evidence to raise a genuine issue as to whether the statute should be tolled. *Helton*, 832 F.2d at 336.

While Maher, like Helton, may have been hospitalized for some period, his alleged hospital stay was only six weeks long, and was insufficient to bring his suit withing the statutory limit. In contrast to his failure to timely file with the EEOC, Maher admits that while his wife and daughter filled out his disability forms, he was competent enough to sign them. Thus, he did not demonstrate that his depression rendered him unable to manage his affairs or comprehend his legal rights. Even construing his allegations in the trial court with the liberality accorded to pro se litigants, the district court correctly held that Maher failed to produce more than a scintilla of evidence that he was incompetent for the duration of the statutory period. Thus, as Maher failed to raise a genuine issue of material fact, the district court was correct in granting summary judgment to the School as a matter of law. AFFIRMED.

5